ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RONALD HUMENIK, | ) | |
| | ) | CASE NO. 4:04CV319 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | <u>Judge John R. Adams</u> |
| | ) | |
| DIETRICH INDUSTRIES, | ) | ORDER |
| | ) | [Resolving Doc. 20] |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on Defendant Dietrich Industries' Motion for Summary Judgment on both Plaintiff Ronald Humenik's claims against it and on its counterclaims against Humenik. This Court has been advised, having reviewed the parties' pleadings; motions, objections, and replies thereto; attached exhibits; and applicable law. And, for the reasons that follow, the Court grants Dietrich's motion on Humenik's claims and reserves its ruling on Dietrich's counterclaims.

## I.  Facts & Procedure

Humenik worked for Dietrich for approximately sixteen years. For the five years preceding this litigation, Humenik worked as a high-lift mechanic. Humenik was a union member and a collective bargaining agreement governed the terms of his employment.

According to Humenik, he suffers from a disabling heart and thyroid condition that causes his heart to race and causes him to suffer chest pains. This condition forced Humenik to miss work, but Dietrich never denied him leave.

In March 2003, Dietrich acquired a new facility and restructured its local operations. This

restructuring caused Dietrich to eliminate one-third of its workforce in the facility at which Humenik was employed. Due to the corporate restructuring, Dietrich could no longer justify Humenik's position as a high-lift mechanic.

Humenik requested, through filing a union grievance, the right to "bump back" into a production position rather than be terminated. Dietrich denied the grievance, claiming that such an arrangement was impermissible under the collective bargaining agreement. The union requested an arbitration on the matter, but the arbitration was later withdrawn. Dietrich then presented Humenik with a severance agreement, which Humenik signed in front of his union representative. The severance agreement acknowledged that Dietrich had the right to close the plant, or any department therein. It also served to acknowledge Humenik's understanding that, by signing the agreement, he had waived any right to future call back. Humenik, pursuant to the agreement's terms, was paid $12,688.00.

Several months later, Humenik filed a lawsuit against Dietrich in state court alleging handicap discrimination and wrongful termination in violation of public-policy. The case was removed to this Court shortly thereafter on the basis of diversity jurisdiction.[1] Although Humenik's own version of the facts is obscure, he appears to allege that: (1) he was often required to miss work due to his disability; (2) Dietrich did not accept doctor excuses; (3) Dietrich planned on firing him because of these absences; (4) Dietrich put him on second shift deliberately knowing that doing so would cause Humenik to miss certain previously scheduled doctor appointments; and (5) Humenik took a voluntary layoff because he knew Dietrich had planned to fire him anyway under the pretext of a corporate restructuring.

---

[1] Dietrich stated in its Notice of Removal that the Court also had subject matter jurisdiction over Humenik's claims because proof of Humenik's claims requires the interpretation of the collective bargaining agreement. The Court's subject matter jurisdiction, however, cannot be predicated on Dietrich's decision to interject a federal question into an action that plainly asserts state law claims. Miller v. Norfolk & Western Railroad Co., 834 F.2d 556, 566 (6th Cir. 1987).

Humenik has pled state law claims for disability discrimination and violation of public- policy based on Dietrich's alleged discrimination. Dietrich, in turn, pled counterclaims for what amounts to a breach of contract based on the severance agreement. Dietrich motioned for summary judgment on both Humenik's claims and its own. Humenik filed a response to Dietrich's motion, which is supported only by his own affidavit and contradicts, in part, his deposition testimony.

## II. Legal Standard

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The Court is to determine "whether there is the need for a trial — whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The Court must view the record evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).

Summary judgment is appropriate if the party that bears the burden of proof at trial does not establish an essential element of its case. *Tolton v. Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48. In order for there to be a genuine issue for trial, there must be sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Id.* at 249. Having discussed the Rule 56

3

standard of review, the Court now turns to the merits of Dietrich's motion.

### III. Law & Analysis

Dietrich moves the Court to grant summary judgment on Humenik's discrimination claim because Humenik does not establish a prima facie case and because, alternatively, he cannot prove pretext. Dietrich seeks summary judgment on Humenik's public-policy claim because he is not an at will employee. And, lastly, Dietrich seeks summary judgment on its counterclaims, arguing that Humenik has breached the severance agreement.

### 1. Summary Judgment is Granted on Humenik's Discrimination Claim

Under Ohio law, a party seeking to establish a prima facie case of handicap discrimination must prove "(1) that he or she is handicapped, (2) that an adverse employment action was taken by the employer, at least in part, because the individual was handicapped, and (3) that the person, though handicapped, can safely and substantially perform the essential functions of the job in question." *Hood v. Diamond Products, Inc.*, 658 N.E.2d 738, 741 (Ohio 1996).

Here, Humenik has established a prima facie case of handicap discrimination under Ohio's standard. Humenik is a handicapped individual (as Dietrich concedes in its motion), he suffered an adverse employment action (allegedly under the guise of a reduction in force), and he can safely and substantially perform the essential job functions in question (despite his need for some type of scheduling accommodations).

Because he has established a prima facie case of discrimination, the burden shifts to Dietrich to set forth a legitimate, nondiscriminatory reason for its actions. *Id.* Dietrich easily meets this burden by showing that Humenik's termination was made necessary by a reduction in force. "Economic distress is a permissible basis for discharging employees as long as the employer implements those discharges in a

4

nondiscriminatory fashion." *Barker v. Scovill, Inc.*, 451 N.E.2d 807, 810 (Ohio 1983), *modified on other grounds by Kohmescher v. Kroger Co.*, 575 N.E.2d 439 (Ohio 1991). Because Dietrich has articulated a legitimate nondiscriminatory reason for its decision, the burden once again shifts to Humenik to show evidence of pretext. *Hood*, 658 N.E.2d at 742 (citation omitted).

Although Humenik must prove pretext either by providing direct evidence that Dietrich's actions were motivated by discriminatory animus, or by discrediting Dietrich's rebuttal evidence. *Plumbers & Steamfitters Join Apprenticeship Comm. v. Ohio Civil Rights Comm'n*, 421 N.E.2d 128, 132 (Ohio 1981), he fails to do so. In his opposition to Dietrich's motion, Humenik puts forth no credible evidence to show that there is a genuine issue of material fact. He neither puts forth direct evidence of discrimination, nor does he discredit Dietrich's rebuttal evidence. In fact, Humenik does not even address the issue of pretext in his opposition, choosing only to argue that he has shown a prima facie case of discrimination and apparently hoping to withstand the motion on the mere recital of facts in his brief.

Notwithstanding, nothing in Humenik's opposition - even if the facts were presented in a coherent argument - would establish pretext or at least present a genuine issue of material fact sufficient for Humenik to prevail. Humenik's affidavit (which is dated March 14, 2005) contradicts his deposition testimony (which was taken on October 20, 2004). In his deposition, Humenik stated that he was not penalized for missing work, as long as he took sick leave. (Deposition of Ronald Humenik at 55-58). He further stated that sick leave, when corroborated by a doctor's excuse, was granted. (*Id.*). Yet, he contradicts this testimony in his affidavit when he says that doctor excuses were not accepted. (Affidavit of Ronald Humenik "Aff." at ¶ 5). Because his affidavit contradicts his earlier recorded deposition testimony, the Court need not accept it to defeat Dietrich's motion. *Biechele v. Cedar Point, Inc.*, 747

5

F.2d 209, 215 (6th Cir. 1984).

Humenik's affidavit is also replete with statements of his "belief" that Dietrich's actions were discriminatory. According to Humenik, his supervisor smiled and said "hate to see you go" when Humenik expressed concerns that he was going to get fired. (Aff. at ¶ 8). Humenik also indicates that the decision to place him on second shift was done in an attempt to force him to quit, or to cause him to miss so much work that he was fired. (Aff. at ¶¶ 7-9). However, this "evidence" is contradictory to Humenik's deposition testimony where he stated that he was entitled to, and never denied, sick leave. It appears that Humenik would like the Court to believe Dietrich discriminated against him because work absences were tracked and because Dietrich required its employees to follow certain protocol with respect to absences. This, however, does not evidence discrimination or rise to the level of a genuine issue of material fact.

In determining the merits of Dietrich's motion, the Court cannot deny summary judgment based on the mere existence of certain subjective issues. The Court must draw all reasonable inferences on motion for summary judgment in Humenik's favor, but the mere existence of a scintilla of evidence is not enough. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). Additionally, the existence of subjective issues alone does not foreclose summary judgment. *Id.* "Thus, a nonmoving party may not avoid a properly supported motion for summary judgment by simply arguing that it relies solely or in part upon credibility considerations or subjective evidence.

Instead, the nonmoving party must present *affirmative* evidence to defeat a properly supported motion for summary judgment." *Id.* (emphasis added). Here, Humenik seeks to avoid summary judgment based on what the Court deems insignificant credibility considerations or subjective evidence. Humenik's subjective belief that certain comments and facts indicate discriminatory animus is not enough

6

to create a material issue of fact.

### 2. Summary Judgment is Granted on Humenik's Public-Policy Claim

As a matter of law, Humenik cannot prevail on his claim for wrongful termination in violation of public-policy. Although Ohio recognizes a cause of action for employees who are terminated in violation of public-policy under *Greeley v. Miami Valley Maintenance*, 551 N.E.2d 981 (Ohio 1990), an employee bringing such a cause of action must be an at-will employee. *Haynes v. Zoological Soc. of Cincinnati*, 652 N.E.2d 948, 950 (Ohio 1995). Here, the collective bargaining agreement governed the terms of Humenik's employment. Thus, he cannot maintain a *Greeley* cause of action against Dietrich. *Haynes*, 652 N.E.2d at 950. (holding that the plaintiff was not an at-will employee because a collective bargaining agreement governed the terms of her employment).

### IV. Conclusion

Dietrich's Motion for Summary Judgment is granted as to Humenik's claims against it because Humenik has failed to present evidence of pretext. The Court, however, is reserving its ruling on Dietrich's counterclaims and scheduling a status conference for Monday, June 13, 2005 at 10:00 a.m. (Parties to attend.)

    IT IS SO ORDERED.

| | |
|---|---|
|   May 11, 2005   |   */s/ John R. Adams*   |
| Date | John R. Adams |
| | U.S. District Judge |